UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JASON LAMY )<br>and )<br>JAMES FLANDERS )<br>)<br>_____ ) | Criminal Case No. 1:19-CR-218-JD-01/02 |

**SUPERSEDING INDICTMENT**

**The Grand Jury charges:**

**COUNT ONE**
**[21 U.S.C. §§ 841(a)(1); (b)(1)(A)(vi); & (b)(1)(C)**
**Possession with Intent to Distribute Controlled Substances]**

On or about July 24, 2019, in the District of New Hampshire, the defendant,

**JASON LAMY**,

knowingly and intentionally possessed with intent to distribute controlled substances

specifically, 400 grams and more of a mixture and substance containing a detectable amount of

N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, commonly known as fentanyl;

cocaine; and methamphetamine, all of which are Schedule II controlled substances, in violation of

Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), and (b)(1)(C).

**COUNT TWO**
**[18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of Drug Trafficking]**

On or about July 24, 2019, in the District of New Hampshire, the defendant,

**JASON LAMY,**

did knowingly possess a firearm, a .380 Ruger LCPII serial number 380077741, in furtherance of

a drug trafficking crime for which he may be prosecuted in a court of the United States, that is,

possession with intent to distribute controlled substances as alleged in Count One of this Superseding Inditment. All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) –Distributing a Controlled Substance]

On or about July 15, 2019, in the District of New Hampshire, the defendant,

**JASON LAMY,**

did knowingly and intentionally distribute a controlled substance, specifically, fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR
### [18 U.S.C. § 371 & 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B)(vi) Conspiracy to Distribute a Controlled Substance]

Beginning on a date unknown but not later than July 26, 2019, and ending on or about September 1, 2020, in the District of New Hampshire and elsewhere, the defendant,

**JASON LAMY,**

knowingly and intentionally combined, conspired, confederated and agreed with with persons known and unknown to the grand jury, to distribute a controlled substance, specifically, fentanyl and/or heroin, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.

## COUNT FIVE
### [18 U.S.C. §§ 922(g)(1), 924(a)(2) Possession of a Firearm by a Prohibited Person]

On or about July 24, 2019, in the District of New Hampshire, the defendant,

**JASON LAMY**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess the following firearm and ammunition in and affecting interstate commerce: a Ruger, Model LCPII, .380 Caliber Pistol, S/N 380077741; and 7 rounds of Federal .380 caliber ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIX
### [18 U.S.C. §§ 371 & 1512(b)(1) – Conspiracy to Tamper with a Witness]

From in and around July 2019 through in and around September 2019, in the District of New Hampshire, the defendants,

**JASON LAMY**
and
**JAMES FLANDERS,**

knowingly and willfully conspired and agreed with each other to corruptly persuade Individual A, a person known to the Grand Jury, with intent to influence the testimony of Individual A in an official proceeding in violation of Title 18, United States Code, Section 1512(b)(1). Jason Lamy and James Flanders agreed to corruptly influence Individual A to testify falsely in an official proceeding that on July 24, 2019, Individual A owned, possessed and was in conrol the .380 Ruger LCPII handgun, serial number 380077741, described in Counts Two and Five of this Superseding Indictment.

### Object of the Conspiracy

The object of the conspiracy was to protect Jason Lamy from criminal liability for possessing a firearm on July 24, 2019, by causing Individual A falsely claim ownership of the gun.

### Manner and Means of the Conspiracy

It was part of the conspiracy that Jason Lamy and James Flanders conferred telephonically to agree to influence the testimony of Individual A to provide a false and misleading statement concerning Individual A's ownership and control of the firearm described in Counts Two and Five of this Superseding Indictment.

### Overt Acts

In furtherance of the conspiracy and to effect the object of the conspiracy, one or more of the conspirators committed at least one of the following overt acts, among others, in the District of New Hampshire:

a. On or about July 29, 2019, Jason Lamy telephoned James Flanders to provide him with the name and address of Individual A; discussed with James Flanders a false and misleading account attributing ownership and control of the firearm to Individual A; and, instructed James Flanders to contact Individual A to convey the false and misleading account concerning Individual A's ownership and control of the firearm;

b. On or about August 5, 2019, Jason Lamy telephoned Individual A to solicit Individual A's assistance in the proceedings against him; he suggested a false and misleading explanation for Individual A's ownership and possession of the firearm; and, he indicated that he would provide benefits to Individual A as a result;

c. On or about August 8, 2019, Jason Lamy telephoned James Flanders to provide instructions for James Flanders to transport Individual A to Jason Lamy's attorney's office for purposes of communicating the false and misleading account of Individual A's ownership and control of the firearm;

d. On or about August 9, 2019, Jason Lamy telephoned Individual A to convey that: the "thing," believed to mean the firearm, was "clean," believed to mean that the firearm

was not stolen; he can pay Individual A; he would provide transportation for Individual A to make contact with his lawyer; and, James Flanders would contact Individual A;

e. On or about September 23, 2019, James Flanders sent a text message to Individual A with instructions to contact James Flanders in order to create a false and misleading account of Individual A's ownership and possession of the firearm, which would be exculpatory with respect to Jason Lamy.

All in violation of Title 18, United States Code, Sections 371 and 1512(b)(1).

## NOTICE OF FORFEITURE

Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Three, and Four of this Superseding Indictment, the defendant shall forfeit to the United States pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the charged offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the charged offenses, including, but not limited to: one Ruger, .380 caliber handgun, bearing serial number 380077741 and $12,820.00 in U.S. Currency.

Upon conviction of the offense alleged in Count Two of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition used, or intended to be used, to commit, or to facilitate the commission of the charged offenses, including, but not limited to: one Ruger, .380 caliber handgun, bearing serial number 380077741 and $12,820.00 in U.S. Currency.

Upon conviction of the offense alleged in Count Five of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the firearm and ammunition involved in the commission of the offense listed above in Count Five.

A TRUE BILL

Dated: August 31, 2020  /s/ Foreperson
FOREPERSON

SCOTT W. MURRAY
United States Attorney

By: /s/ Joachim H. Barth
Joachim H. Barth
Assistant U.S. Attorney